**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL MCGLON,** *on behalf of himself and others similarly situated,* | |
| **Plaintiff,** | |
| **v.** | **Case No. 16-CV-2099-JAR** |
| **SPRINT CORPORATION, ET AL.,** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

Plaintiff brings this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendants Sprint Corporation and Sprint/ United Management Company (hereinafter "Sprint"), claiming violations of the FLSA's overtime pay requirement. Specifically, Plaintiff alleges that Sprint's Business Inside Sales Organization ("BISO") Inside Sales Farmers ("Sales Farmers") are classified as nonexempt, paid by the hour, and entitled to overtime pay. However, Sprint allegedly requires these employees to report only forty hours despite hours worked in excess and in turn, denies them overtime pay. This matter is before the Court on Plaintiff's Motion for Conditional Collective Action Certification and Notice (Doc. 17). For the reasons explained below, Plaintiff's motion to conditionally certify is granted. Specifically, the Court will conditionally certify the following class:

> *All persons who worked as BISO Inside Sales Farmers for Sprint within three years prior to the filing of the Complaint.*[1]

The Court denies without prejudice Plaintiff's request to approve its proposed notice and consent

---

[1] Plaintiff states in the Complaint that he wants the class to be all Sales Farmers within three years prior to filing of the Complaint. Doc. 1 at ¶ 31. However, he also stated in the motion that he wants the class to be all Sales Farmers within three years from the date of the filing of the Court's order on the motion. *See* Doc. 18 at 13. For purposes of clarity, the Court will consider the class from three years prior to the filing of the Complaint, which was on February 16, 2016.

form.  Further, the Court grants Plaintiff's request for putative plaintiffs' names and contact information, including home address, phone number, and email address.  The Court will also grant Plaintiff's request for social security numbers of those putative plaintiffs whose notices are returned to sender.

## I.      Standard

An action under the FLSA may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[2] Unlike a class action under Federal Rule of Civil Procedure 23, to participate in an FLSA collective action, all plaintiffs must "give[] [their] consent in writing to become such a party," and it must be "filed in the court in which such action is brought."[3]

Before notice is sent to putative plaintiffs to inform them of the pending action, it must be conditionally certified as a collective action.  The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[4]  Section 216(b) does not define "similarly situated."  The Tenth Circuit has approved an *ad hoc* case-by-case basis for determining whether employees are "similarly situated" for purposes of § 216(b).[5]  This involves a two-step inquiry.[6]  The first step occurs at the "notice stage" of the proceedings.  Here, the court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[7]  At this stage, the court "require[s] *nothing more* than substantial allegations that the putative class members were together the victims of a single decision, policy

---

[2] 29 U.S.C. § 216(b).

[3] *Id.*

[4] *See id.*

[5] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102, 1105 (10th Cir. 2001) (citation omitted).

[6] *Id.* at 1105.

[7] *Id.* at 1102.

or plan."[8]  This standard is lenient[9] and typically results in conditional certification.[10]  In

reviewing a motion for conditional certification, the court does not weigh the evidence, resolve

factual disputes,[11] or rule on the merits of plaintiffs' claims.[12]  Generally, courts in this District

have limited the scope of their review on a motion for conditional certification to the allegations

in the Plaintiffs' Complaint and supporting affidavits.[13]

      Defendants attached three exhibits to their motion in opposition to the conditional class

certification.  First, they provided the declaration of Mike Dawkins, director of Sprint's BISO,

who stated Defendants used centralized timekeeping to track time worked and employees could

not work without being logged in.  Second, they provided the declaration of Karen Harris, a

human resources manager in BISO, who testified that Defendants' employees were trained on

timekeeping, were prohibited from working off the clock, and Plaintiff was fired for unexcused

---

[8] *Id.* (emphasis added) (alterations omitted); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citations omitted); *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 665 (D. Kan. 2004).

[9] *Thiessen*, 267 F.3d at 1103.

[10] *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (citing *Gieseke*, 408 F. Supp. 2d at 1166).

[11] *Shockey v. Huhtamaki, Inc.*, 730 F. Supp. 2d 1298, 1303 (D. Kan. 2010) ("At this initial stage, the Court is required to apply the notice-stage analysis leniently.  Although both parties have attached deposition transcripts and battling declarations, the Court declines to resolve factual disputes."); *Barnwell v. Corr. Corp. of Am.*, No. 08-2151-JWL, 2008 WL 5157476, at *5 (D. Kan. Dec. 9, 2008) ("[T]he fact that evidence exists negating plaintiffs' claims does not warrant the denial of conditional certification where plaintiffs nonetheless have presented substantial allegations supporting the existence of a policy"); *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005) (deciding to only consider the pleadings and affidavits filed by plaintiffs because, "at this point, the Court is not prepared to weigh the evidence"); *Whalen v. United States*, 85 Fed. Cl. 380, 385 (Fed. Cl. 2009) ("In the process, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.") (citation and internal quotation marks omitted); *see also Thiessen*, 267 F.3d at 1106–07 (noting that, in applying the stricter second-stage standard, trial court weighed the evidence and made factual findings in determining whether plaintiffs were "similarly situated," and as a result "the district court essentially deprived plaintiffs of their right to have the issues decided by a jury, or to at least have the court determine, under summary judgment standards, whether there was sufficient evidence to send the issue to the jury.").

[12] *Gieseke*, 408 F. Supp. 2d at 1166.

[13] *Renfro*, 243 F.R.D. at 434 & n.4 (declining to consider defendant's additional evidence at the "notice stage" because plaintiff is only required to produce substantial allegations and supporting affidavits or declarations) (collecting cases); *see Gipson v. S.W. Bell Tel. Co.*, No. 08-cv-2017-EFM/DJW, 2009 WL 1044941, at *3 n.22 (D. Kan. Apr. 20, 2009); *Geer*, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004).

absences.  Third, they provided the declaration of Steven D. Hurd, a lawyer for Defendants, who testified to Plaintiff's criminal history.  The Court declines to consider these exhibits because at the notice stage of the proceedings, Plaintiff is only required to produce substantial allegations and supporting declarations.  The Court is unwilling to resolve factual disputes at this stage.

The second step—requiring the court to apply a stricter standard to assure that plaintiffs are actually similarly situated—comes after discovery is complete, and is usually prompted by defendants filing a motion to decertify.[14]

## II.    Background

Plaintiff filed this action on February 16, 2016.  In support of the allegations in the Complaint, Plaintiff attached to his motion declarations from four Sales Farmers from Overland Park, Kansas and Atlanta, Georgia.  The following facts are alleged in Plaintiff's Complaint and declarations.

Plaintiff Michael McGlon brought this action on behalf of himself and all others similarly situated, against Sprint, his former employer, for violating the FLSA by failing to fully compensate its employees for overtime work.  Plaintiff and others similarly situated worked as BISO Inside Sales Farmers, which required them to sell and provide wireless communication services to customers including individuals and businesses.  These duties were performed from Defendants' offices located in Overland Park, Kansas; Atlanta, Georgia; Orlando, Florida; and Louisville, Kentucky.  Defendants provided centralized human resources, timekeeping, and payroll services for Plaintiff and the Sales Farmers at the four office locations.  Defendants classified the Sales Farmers as nonexempt employees eligible for overtime pay under the FLSA.  Defendants had a company-wide unwritten policy or practice where Sales Farmers were required

---

[14] *Thiessen*, 267 F.3d at 1102–03.

to not accurately report hours worked on centralized timekeeping systems, which denied these employees overtime pay.  Sales Farmers were required to report forty hours per work week even though they worked in excess of those hours.  Defendants had actual or constructive knowledge that Sales Farmers were working overtime and not being paid proper overtime compensation.

Plaintiff Michael McGlon was employed by Defendants from May 2014 through August 2015, at the Overland Park, Kansas office.  While employed there, he was required to work on average sixty hours per week.  He was required to report only forty hours worked on the centralized time keeping system, which denied him overtime compensation.  Defendants treated him as a nonexempt employee under the FLSA, so he was eligible for overtime compensation.  Plaintiff alleges Defendants had actual or constructive notice that he was not paid proper overtime.

Plaintiff states that he and the declarants, as well as all Sales Farmers, are similarly situated in that they are all subject to this policy of only reporting forty hours despite working in excess of those hours.  Defendants implemented the policy through the centralized time keeping system.  Plaintiff alleges that the managers were actually or constructively aware of this under-recording, and brings this action on behalf of all employees employed by Defendants within three years from the commencement of this action who have been denied overtime compensation.

Plaintiff submits four declarations by Sales Farmers, who worked in two of Defendants' offices in Overland Park, Kansas and Atlanta, Georgia.  Each Sales Farmer alleges that he or she was a nonexempt, hourly employee who was required to report only forty hours of work per week regardless of actual hours.  The Sales Farmers allege overtime hours ranging between forty-five and sixty hours per week.  All of the declarations stated that management knew or was

involved in the reporting of time inaccurately to deprive them of overtime compensation.[15]
According to the affidavits submitted, the four Sales Farmers and Plaintiff affirm that they have
personal knowledge that there are other employees who also performed overtime work without
being paid.

Plaintiff seeks compensatory and liquidated damages under § 216(b), interest, attorneys'
fees and costs allowed by § 216(b).

## III.    Discussion

### A.    Conditional Certification

Plaintiff asks the Court to conditionally certify the action as a collective action under §
216(b) of FLSA for the following class:

> *All persons who worked as BISO Inside Sales Farmers (or persons
> with similar job duties) for Sprint within three years prior to the
> filing of the Complaint.*

Plaintiff also requests the Court order Defendants to (1) provide a list of names of these people
within fourteen days of the Court's order, including address, phone number, and email address,
(2) provide a list of social security numbers for all class members whose mailed notices are
returned, and (3) authorize mailing of the proposed notice and right to opt-in forms.  Neither
party contests that the motion is before the Court at the notice stage of review.  The parties have
served their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), but a trial date has not been
set.[16]  This case is in its early stages, so the Court will analyze the motion under the lenient

---

[15] Ibiene Don Pedro alleged that management was usually the one to report her hours, so this is how
management knew about underreporting.  Doc. 18-1.  Corie Henry alleged that management instructed him to report
only forty hours despite working in excess.  Doc. 18-2.  Jamie Sonier alleged that she was instructed to report only
forty hours, and if she did not, management would report forty hours.  Doc. 18-3.  Anne Williams alleged that she
was instructed to report forty hours, and she was aware of management changing hours to equal forty hours.  Doc.
18-4.

[16] *See Pivonka v. Bd. of Cty. Comm'rs of Johnson Cty., Kan.*, No. 04-2598, 2005 WL 1799208, at *2 (D.
Kan. July 27, 2005) (allowing for first-stage analysis despite some discovery having been conducted).  The parties
have held a scheduling conference as required by Fed. R. Civ. P. 16 on June 2, 2016 before Magistrate Judge Teresa

notice stage standards.

In opposing Plaintiff's motion, Defendants make a number of arguments before proceeding to the merits of whether conditional certification is proper.  First, Defendants state that there was a lawful timekeeping and wage payment policy in place at the time of the alleged failure to pay overtime.  Second, Defendants put forth evidence that employees were trained on timekeeping.  Third, Defendants argue the four declarants are not credible given that they were either fired or resigned and submitted "cookie-cutter" declarations.  Beyond the Court's unwillingness to consider the evidence Defendants offered in opposition to this motion as discussed above, the Court is not persuaded by any of these arguments on a motion for conditional certification.  The presence of a written policy is not evidence that it was being enforced, especially where there are allegations of an unwritten policy or practice to the contrary.[17]  Similarly, training on timekeeping is not evidence that the policy was being enforced.  Defendants' suggestion that the declarants are not credible given their disposition with Defendants and cookie cutter declarations is also unpersuasive.  "The Court cannot make a credibility assessment on a motion for conditional certification."[18]

In opposing Plaintiff's motion on the merits, Defendants essentially argue that Plaintiff has not sufficiently alleged that (1) the Sales Farmers suffered from a single decision, policy, or plan, (2) the Sales Farmers are similarly situated, and (3) Plaintiff is an adequate representative.  As will be discussed more fully below, the Court finds that Plaintiff has sufficiently alleged that

---

J. James.  Doc. 25.  There was a scheduling order entered, but many of the key deadlines were not set pending the Court's ruling on this motion.  Doc. 27.

[17] *Shockey v. Huhtamaki, Inc.*, 730 F. Supp. 2d 1298, 1304 (D. Kan. 2010) (citing *Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 827 (E.D. Mich. 2009)).

[18] *Howard v. Centrinex, LLC*, No. 15-9918, 2016 WL 1701818, at *3 (D. Kan. Apr. 28, 2016) (citing *Briggs v. PNC Fin. Servs. Group, Inc.*, 2016 WL 1043429, at *5 (N.D. Ill. Mar. 16, 2016)) (rejecting credibility attacks and arguments that declarations were "cookie cutter").

there was a single policy for reporting only forty hours to deprive the Sales Farmers of overtime compensation.  Next, the Court finds that the class is similarly situated as all are Sales Farmers alleging harm from the same policy.  Finally, Plaintiff is a sufficient representative of the class despite the alleged defense against him.

### 1.        Single Decision, Policy, or Plan

Defendants argue that Plaintiff has not made a "substantial allegation" that the Sales Farmers suffered from a single decision, policy, or plan based on the declarations submitted. Specifically, Defendants argue that Plaintiff's reliance on a purported unwritten policy that violates the written policies, which is enforced by one or more unnamed managers, is not a substantial allegation of a single policy.  Defendants argue that the declarants' statements that management was aware that they were working in excess of forty hours is conclusory and insubstantial.  Ultimately, Defendants argue that the absence of details makes this fall short of the standard required for certification.  Although Defendants oppose conditional certification, in the alternative, they argue that conditional certification should be limited to Overland Park, Kansas and only to the Sales Farmers who worked under the same managers for Plaintiff and the declarants.

Defendants rely on *Blancarte v. Provider Plus, Inc.*[19] and *Stubbs v. McDonald's Corp.*[20] for the proposition that Plaintiff has submitted only conclusory, insubstantial allegations concerning the unwritten policy given the absence of detail.  The Court finds both of these cases distinguishable from the case at hand.  In *Blancarte*, the plaintiff relied solely on the complaint and his own affidavit for certification.[21]  This Court in *Blancarte* denied certification, explaining

---

[19] No. 11-2567-JAR, 2012 WL 4442642 (D. Kan. Sept. 26, 2012).

[20] 227 F.R.D. 661, 666 (D. Kan. 2004).

[21] *Blancarte*, 2012 WL 442642, at *1–2.

that the plaintiff had failed to provide substantial allegations in part because he "could not name a single co-worker who share[d] his concerns, or one willing to provide an affidavit or desire to opt-in to the litigation."[22]  There was only speculative allegations as to whether other employees experienced the same alleged violation.[23]

Here, Plaintiff has identified four other employees subject to the same unwritten policy of recording only forty hours despite work in excess of those hours.  Plaintiff has gone far beyond the allegations in *Blancarte*.  There is not mere speculation as to whether other Sales Farmers experienced the policy because the four declarants stated that they did.  The fact that plaintiff and the declarants have not identified the co-workers who were also subject to this policy or the managers that implemented this policy is not a bar at the first stage of conditional certification, as at this stage, Plaintiff only needs to provide "substantial allegations" that the Sales Farmers were subject to the same policy.

In *Stubbs*, Stubb's motion for conditional certification involved a claim that defendant misclassified plaintiffs and other first and second assistant managers as exempt while understaffing its restaurants so as to require them to perform duties of hourly employees in excess of forty hours a week without overtime.[24]  Plaintiffs' allegations made each plaintiff's specific duties a part of the claim.  The motion was supported only by the affidavits of a husband and wife who had no knowledge of the first assistant managers duties, whom they claimed to

---

[22] *Id.* at *3.

[23] *Id.* ("Plaintiff's conclusory allegation that Delivery Driver/Technicians 'regularly' worked through lunch does not establish that Provider Plus engaged in a common course of conduct in relation to all potential class members.  Although the mandatory lunch hour policy applies uniformly to all Delivery Driver/Technicians, Plaintiff himself is the lone example of a Delivery Driver/Technician being required to work off-the-clock over the lunch hour.").

[24] 227 F.R.D. at 665.

represent.[25]

This case is not analogous.  Here, there is no issue about specificity of the job duties across the Sales Farmers.  There are sufficient allegations that job duties and responsibilities were uniform among the Sales Farmers.  Plaintiff produced four declarations by Sales Farmers showing that Defendants instructed Sales Farmers to record only forty hours despite having worked overtime to deny overtime compensation.  This is beyond a "conclusory allegation."

Most of Defendants' arguments against the first stage of conditional certification are simply premature because it is not necessary to consider the exact factual setting of the policy— for example, the coworkers involved, the managers involved, the number of hours worked overtime, and the exact implementation of the unwritten policy.  At this stage, having reviewed Plaintiff's pleadings and declarations, the Court finds Plaintiff has met his light burden.  Plaintiff has set forth "substantial allegations that the putative class members were together the victims of a single decision, policy or plan"[26] to require reporting of only forty hours of work despite hours worked in excess.  The court "require[s] nothing more."[27]  There may be some differences in how each plaintiff's damages will be calculated given that there is a difference in alleged hours worked overtime.[28]  However, without reaching the merits of plaintiffs' claims, the Court finds Plaintiff's allegations are sufficient for purposes of conditional certification.

The Court turns to Defendants' argument that the class should be limited to only the Overland Park, Kansas office based on Plaintiff's allegations and declarations submitted.  The Court disagrees.  Plaintiff has met his burden of submitting "substantial allegations" that there

---

[25] *Id.* at 663–66.

[26] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[27] *Id.* (internal alterations omitted).

[28] *Gieseke*, 408 F. Supp. 2d at 1168 (noting that individual differences in damages does not prevent conditional certification).

are similarly situated employees outside of the Overland Park, Kansas office.  Plaintiff alleged in the Complaint that Defendants provided a centralized human resources, timekeeping, and payroll function for Sales Farmers.[29]  Plaintiff also alleged in the Complaint that regardless of location, Sales Farmers worked more than forty hours per week and management instructed them to report only forty hours.[30]  Plaintiff also provided the declaration of Ibiene Pedro, who worked in the Atlanta, Georgia, office, alleging the same policy.[31]  The cases Defendants cite to support the limited certification are distinguishable because the plaintiffs in those cases offered little to no evidence of the policy extending to other locations.[32]  That is not the case here.  Based on the allegations in the Complaint and the declaration submitted by an employee in another location, the Court is willing to infer at this stage that this was a company-wide policy that extended beyond Overland Park, Kansas to the other three locations with Sales Farmers.

## 2.    Similarly Situated

Defendants argue that Plaintiffs are not similarly situated because the Court will have to conduct individualized inquiries into each opt-in plaintiff.  Defendants specifically challenge that the Court will be required to examine whether each opt-in worked overtime, the time records for each opt in plaintiff, the reason for the opt-in's time records not reflecting overtime, and the opt-

---

[29] Doc. 1 ¶ 21.

[30] *Id.* ¶ 22, 25, 28.

[31] Doc. 18-1.

[32] *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB, 2014 WL 2885363, at * 4–5 (D. Kan. June 25, 2014) (refusing to certify a class because significant discovery, including depositions, had been conducted that contradicted the opt-in plaintiffs affidavits); *Pegues v. CareCentrix, Inc.*, No. 12-2484, 2013 WL 1896994, at *3–4 (D. Kan. May 6, 2013) (refusing to certify the class beyond one office location because plaintiff submitted only her own statement and emails from her supervisors in support of certification and a centralized timekeeping system for all locations had not yet been piloted when named plaintiff alleged FLSA violations); *Hobbs v. Tandem Envtl. Sols., Inc.*, No. 10-1204-KHV, 2011 WL 484194, at * 2 (D. Kan. Feb. 7, 2011) (concluding plaintiff made no allegations of a company-wide policy because the allegations only spanned to employees working at a particular branch under its particular manager and no evidence was offered or alleged otherwise); *Braun v. Superior Indus. Int'l, Inc.*, No. 09-2560, 2010 WL 3879498, at *2 n.1, *3 (D. Kan. Sept. 28, 2010) (refusing to certify beyond one facility because the affidavit submitted as to another location was excluded as punishment for failure to appear at his deposition and no other evidence was submitted about knowledge of the same policy at other locations).

in's manager.  This argument is not persuasive.

Individualized inquiries concerning specifics of the claims does not render an action inappropriate for conditional certification.[33]  For example, in *Barnwell v. Corrections Corp. of America*, this Court allowed conditional certification despite having a difference of length of time and work conducted in alleged off-the-clock tasks.[34]  Like in *Barnwell*, the Court is not persuaded by this argument.  The fact that different managers may be involved is not relevant, and it seems likely that there will be significant overlap in the managers given the time period and same job titles of the potential plaintiffs.  The difference in time records and the amount of time not compensated also is not important at the first stage.  Plaintiff's allegations are sufficient for the purpose of sending notices—potential opt-in plaintiffs were all Sales Farmers who regularly worked excess hours despite reporting forty hours as instructed by their managers.

To the extent Defendants wish to raise factual challenges to whether the putative plaintiffs are similarly situated, such challenges are appropriately raised at the stricter second-stage of the conditional certification process,[35] after discovery is completed and the evidence is more fully developed allowing the Court to consider the disparate factual and employment settings of each plaintiff, the scope of the alleged violation, or the various defenses Defendants may assert against individual plaintiffs.[36]  Possible defenses or justifications for decertification

---

[33] *Barnwell v. Corrs. Corp. of Am.*, No. 08-2151, 2008 WL 5157476, at *4 (D. Kan. Dec. 9, 2008).

[34] *Id.*

[35] During the second stage, the court reviews a number of factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required [] before instituting suit." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *see also Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 685 (D. Kan. 2009).

[36] *Thiessen*, 267 F.3d at 1102–03; *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 433–34 & nn.3, 4 (D. Kan. 2007); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1168 (D. Kan. 2006); *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *4 (D. Kan. Oct. 17, 2005); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004); *Williams v. Sprint/United Mgmt. Co.* 222 F.R.D. 483, 487 (D. Kan. 2004).

will be considered should Defendants file a motion for summary judgment or motion to decertify.  Questions about the manageability of the case will also be considered at that time.[37]

Ultimately, at the notice stage, with little discovery conducted, it is enough that Plaintiff has *alleged* that he and the putative class were subject to the unwritten policy of recording only forty hours per week even if they worked in excess.  It is enough to merely state that Defendants' managers instructed them to only record forty hours because discovery will determine who the managers were and what the managers knew or did not know.  Plaintiff's Complaint, as supported by the declarations, is a substantial allegation and therefore meets the threshold for sending notice to other putative plaintiffs.[38]

The Court does, however, conclude that it would be appropriate to limit the class only to Sales Farmers.[39]  There are no allegations in the Complaint or the declarations that there are other similarly situated employees outside of the Sales Farmers that were subject to the FLSA violation.  The class will, therefore, be limited to only Defendants' employees with the job title, BISO Inside Sales Farmer.

### 3.      Plaintiff as an Adequate Representative

Defendants finally argue that Plaintiff is not an adequate representative of the class because there is a defense unique to him that will overwhelm the litigation.  Defendants allege that Plaintiff is not a reliable class representative because he was fired for excessive absences and he also had a criminal history, including a conviction for possession of drugs while he was employed.  "Although FLSA § [2]16(b) does not expressly incorporate Rule 23(a)(4)'s adequacy-of-representation requirement, the adequacy of a class counsel or a class representative

---

[37] *Gieseke*, 408 F. Supp. 2d at 1168.

[38] *See, e.g.*, *Renfro*, 243 F.R.D. at 434.

[39] Doc. 1.  The Complaint reads that the class is to include: "All persons who worked as BISO Inside Sales Farmers *(or persons with similar job duties)* for Sprint within three years prior to the filing of the Complaint."

is not necessarily irrelevant in a putative FLSA § [2]16(b) collective action because the court has an inherent interest in ensuring that opt-in plaintiffs are adequately represented."[40]  Many of the cases cited by Defendant are in the Rule 23 context,[41] which is meant to be much more stringent than the FLSA context.  While it is unclear that Defendants would be able to use such allegations as a defense to the overtime pay violation claim, the Court is not convinced it is relevant at the first stage of certification.  There is nothing to suggest that Plaintiff's work history with Defendant or criminal conviction will make him unsuited to be the named plaintiff in this case.  At this point, Defendants are merely speculating, and the Court declines to deny certification for this reason.

### B.    Notice to Putative Plaintiffs

The benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[42]

Plaintiff has attached a proposed notice to his motion as well as a consent-to-join form.[43] Defendants have submitted proposed changes to the notice and consent-to-join form submitted through affidavit of counsel Steven Hurd.[44]  While many of the proposed changes are slight, there are some substantive changes to the documents.  It appears the parties have not yet met and conferred on a mutually agreeable notice to be sent to putative plaintiffs.  Accordingly, with respect to the form and substance of the notice and consent-to-join forms, Plaintiff's motion is

---

[40] *Brown*, 222 F.R.D. at 682.

[41] *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) (concluding under Rule 23 that the named representative is not sufficient where the class representative is subject to a unique defense that threatens to become the focus of the litigation); *Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974).

[42] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[43] Docs. 18-5, 18-6.

[44] Doc. 21-3, Exs. M, N.

denied without prejudice.  After counsel have consulted with one another and attempted to

resolve the disputes with the notice, Plaintiff may resubmit the motion.[45]  If the parties cannot

come to a compromise on specific issues and language in the notice or consent form, the Court

advises Plaintiff to file a motion and Defendants to file a response as indicated below.  To the

extent the parties take different positions, they should support their respective positions with case

law or examples of notices/consent forms in other cases in this District.

In preparation for the distribution of notice to putative plaintiffs, Defendants are directed

to provide Plaintiff's counsel with a list of all the present and former employees within the

designated class, with first and last names, last-known addresses, dates of employment, location

of employment, telephone numbers, and email addresses.  The Court will also allow for the

distribution of social security numbers should any putative plaintiffs' notice be returned to

sender.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for

Conditional Certification (Doc. 17) is **granted**.  The Court conditionally certifies Plaintiff's

collective action under § 216(b) of the FLSA for the following class of persons:

> *All persons who worked as BISO Inside Sales Farmers for Sprint*
> *within three years prior to the filing of the Complaint.*

Plaintiff Michael McGlon is designated as the class representative and Plaintiff's counsel shall

act as class counsel in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's motion to approve Plaintiff's form of

notice is **denied without prejudice**, to be reasserted after the parties have conferred.  The parties

shall meet and confer in an attempt to reach an agreement on a proposed notice and consent form

---

[45] *Pivonka v. Bd. of Cnty. Comm'rs of Johnson Cnty., Kan.*, No. 04-2598-JWL, 2005 WL 1799208, at *5
(D. Kan. July 27, 2005).

to be sent to putative plaintiffs, including a proposed deadline for the potential opt-in plaintiffs to join this action.  If an agreement is reached, the parties shall submit a joint proposed notice and consent form to the Court for approval within twenty-one (21) days of the Court's order.  To the extent the parties are unable to reach an agreement, Plaintiff shall file a motion within twenty-one (21) days of the Court's order, to seek approval of the proposed forms, and Defendants shall have fourteen (14) days to respond to Plaintiff's motion.  Defendants may, if necessary, submit an alternative proposed notice and consent form with its response.

**IT IS FURTHER ORDERED** that, **within fourteen (14) days of the Court's Order**, Defendants must provide Plaintiff a list in electronic and importable format, of the first and last names, last-known addresses, dates of employment, location of employment, telephone numbers, and email addresses of all members of the putative class.  If any of the notices are returned to sender, the Court orders Defendants to provide social security numbers for the putative class member to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: December 6, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE